IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


ROBERT EARL PITTMAN                                                      PLAINTIFF

v.                                    Civil No. 6:22-CV-06049

JOHN THURSTON (Arkansas Secretary of                                    DEFENDANTS
State), DEXTER PAYNE (Director, Arkansas
Division of Correction), DR. THOMAS
DANIELS (WellPath), BERNARD
WILLIAMS, MAJOR JIMMY COLEMAN,
and MICHAEL THOMAS


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions

of 28 U.S.C. § 636(b)(1) and (3), the Honorable Robert T. Dawson, Senior United States District

Judge, referred this case to the undersigned for the purpose of making a Report and

Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. §

1915A.[1]  Under § 1915A, the Court has the obligation to screen any complaint in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity.  28

U.S.C. § 1915A(a).

### I.  BACKGROUND

Plaintiff filed his Complaint on May 5, 2022.  (ECF No. 1).  He filed an Amended

Complaint on May 13, 2022.  (ECF No. 6).  Plaintiff is currently incarcerated in the Arkansas

Division of Correction ("ADC") Tucker Unit.  (*Id*. at 1).  For his First Claim, Plaintiff alleges that

John Thurston, the Arkansas Secretary of State, was responsible for violating Plaintiff's

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

constitutional rights on various dates in 2021. (*Id*. at 4). Plaintiff identifies these as: conditions

of confinement, delegating unlawful volition, approving inept policies that are contrary to humane

standards, jeopardy of life or limb & discrimination." (*Id*. at 4). Plaintiff proceeds against

Defendant Thurston in his official capacity. (*Id*. at 5).

For his Second Claim, Plaintiff alleges that Defendants Dexter Payne, Jimmy Coleman,

and Michael Thomas violated his constitutional rights on "01/3/21-04/13/21 & 06/25/21-

12/28/21," while Plaintiff was housed in West Isolation, East Isolation, SNC, and restrictive

housing. (*Id*. at 6). Plaintiff identifies Defendant Dexter Payne as the Director of the ADC, and

Jimmy Coleman as a Major at the ADC. (*Id*. at 3). Plaintiff does not identify Michael Thomas'

role at the ADC, but the Court will infer that he is an ADC employee. Plaintiff proceeds against

these Defendants in both thier official and individual capacities. (*Id*. at 7). Plaintiff alleges:

> I was compelled to sleep on concrete for 5 months, forced to walk to showers naked
> in front of aggressive inmates with female breasts on my body, my property was
> stolen, I was threatened to be rape, inmates spit in my food, I was refused integrity.
> Dexter Payne and Jimmy Coleman discriminated against my having breasts
> (transexual).

> Dexter Payne has delegated volition that's inept by approving policies that's
> discriminatory & endanger inmates. Jimmy Coleman refused adequacy of
> protection. Michael left my property in the hallway 5 days. My shoulder was
> dislocated over a year & I was given meds that didn't work. I was sexually harassed
> my entire stay at Malvern & threatened to get raped. My property was stolen and I
> have cavaties from being coerced to groom. I've endured deficiency of nutritions
> by not eating. I'm physically, emotionally, mentally broken & I feel defiled and
> disgusting with all these unwelcome sexual advances proposals for coition & to
> caress my breasts.

(*Id*. at 6) (errors in original). For his official capacity portion of this claim, Plaintiff alleges the

department was not run properly and safely, he was discriminated against, and his property should

have been placed in safe-keeping. Plaintiff lists several numbers with the letters AR in front of

them as apparent citations, but does not identify the citation source. (*Id*. at 7). He alleges these

policies have been violated due to his transexual breasts. (*Id*. at 7).

For his Third Claim, Plaintiff appears to largely repeat his allegations in Claim Two, for

the time period of January 3, 2021, through December 28, 2021. (*Id*. at 7). He brings this claim

against Defendants Jimmy Coleman and Decter Payne in their official capacity. (*Id*. at 8).

For his Fourth Claim, Plaintiff alleges that Defendants Thomas Daniels and Bernard

Williams denied him medical care for his shoulder from August 17, 2021, through December 28,

2021. (*Id*. at 9). Plaintiff identifies Thomas Daniel as medical provider employed by WellPath.

(*Id*. at 3). He does not identify Bernard Williams, but the Court will infer that he is also a WellPath

employee. Plaintiff proceeds against these Defendants in their official capacity. (*Id*. at 9). Plaintiff

appears to state that these Defendant violated policy by denying reasonably necessary care, and

thus committed medical malpractice. (*Id*.).

Plaintiff seeks compensatory and punitive damages. (*Id*. at 11). He also indicates he seeks

"other" damages, but does not describe anything except monetary damages in his Complaint. (*Id*.

at 11-12).

## II.  LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being

issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*,

490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or

it is undertaken for the purpose of harassing or disparaging the named defendants rather than to

vindicate a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re*

*Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief

may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we

hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal

pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting*

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is

discernable, even though it is not pleaded with legal nicety, then the district court should construe

the complaint in a way that permits the layperson's claim to be considered within the proper legal

framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege

specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

### A.      Claims One, Two and Three – State Employees – Official Capacity Claims

Plaintiff's claims against employees of the state of Arkansas and an Arkansas state agency

are subject to dismissal.  States and state agencies are not "persons" subject to suit under § 1983.

*Howlett v. Rose*, 496 U.S. 356 (1990); *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989);

*McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008).  "This bar exists whether the relief sought

is legal or equitable." *Williams v. Missouri*, 973 F.2d 599, 599-600 (8th Cir. 1992) (citing *Papasan*

*v. Allain*, 478 U.S. 265, 276 (1986)).  "Congress did not abrogate constitutional sovereign

immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489,

493 (8th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 342 (1979)).  "A suit against state

employees in their official capacities is the functional equivalent of a suit against the State."

*Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2013).  As Defendant Thurston is an employee of

the State of Arkansas, and Defendants Payne, Coleman and Thomas are employees of the Arkansas

Division of Correction, Plaintiff's official capacity claims against these Defendants are subject to dismissal.

### B.      Claim Two – ADC Employees –Personal Capacity Claims

Plaintiff's personal capacity claim against Defendants Payne and Coleman are subject to dismissal, as Plaintiff appears to be attempting to make a personal capacity claim based on the theory of *respondeat superior.* A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Services*, 436 U.S. 654, 694 (1978). "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability"). "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)).

Here, Plaintiff alleges that Defendant Payne, the ADC Director, "delegated volition" when approved policies that were discriminatory and endangered inmates. He alleges that Defendant Coleman, an ADC Major, "refused adequacy of protection." These claims are subject to dismissal for two reasons. First, these vague and generalized allegations are simply insufficient to state a claim. *See e.g., Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975). Second, he bases his personal capacity claim on the fact that Director Payne and Major Coleman are in positions of authority in the ADC, but fails to allege any personal involvement in or direct responsibility for any violation.

This leaves Defendant Michael Thomas, whose specific position in the ADC was not identified by Plaintiff. Plaintiff's sole personal capacity claim against this Defendant is that he left Plaintiff's property in the hallway for five days. This allegation is insufficient to state a cognizable claim. *See, e.g. Martin*, 780 F.2d at 1337 (even a *pro se* plaintiff must still allege specific facts sufficient to support a claim). To the extent that this allegation could be inferred to connect with Plaintiff's general statement that he had property stolen, this claim also fails, as he has adequate post-deprivation remedies for his lost property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy); *Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991) (cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right). Because Plaintiff may seek redress in Arkansas state courts for his claim of lost property, he has no claim pursuant to § 1983 against Defendant Thomas.

### C.    Claim Four – WellPath Employees – Official Capacity Claims

The Court takes judicial notice that WellPath LLC, a private medical care company, is contracted to provide medical care at the ADC, and all Defendants in this case appear to be employees of WellPath. Medical companies who contract to provide medical care for incarcerated persons are state actors acting under color of state law for the purposes of § 1983. *Davis v. Buchanan County, Missouri*, 11 F.4th 604, 617 (8th Cir. 2021). *See also West v. Atkins*, 487 U.S. 42, 57, (1988) (because the provision of medical services to inmates is "state action fairly attributable to the State," medical personnel acts "under color of state law for purposes of § 1983."); *Montano v. Hedgepeth*, 120 F.3d 844, 849–50 (8th Cir. 1997) ("physicians working in state prisons, who help to fulfill the state's Eighth Amendment obligation to inmates and who

6

typically are the only health professionals available to care for incarcerated persons, are persons who may fairly be said to be state actors.").

Plaintiff's official capacity claim against WellPath employees Dr. Daniel and Bernard Williams are subject to dismissal.  Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both.  In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits.  As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).  Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991).  Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914.  Here, Plaintiff has not identified any custom or policy of WellPath which violated his constitutional rights.  Instead, he alleges that these Defendants violated policy by denying reasonably necessary medical care and thereby committing malpractice.  Thus, Plaintiff's official capacity claim is subject to dismissal.

Plaintiff makes no individual capacity claims against Dr. Daniel and Bernard Williams.

## IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 6) be DISMISSED WITHOUT PREJUDICE because it fails to state a claim upon which relief may be granted.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the
district court.**

DATED this **22nd day of June 2022**.

/s/ *Barry A. Bryant*

HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE